IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS J. LUTZ and SANDRA LUTZ, His Wife,  Plaintiffs, | : : : : |
| vs. | : Civil Action No. 15-cv- : |
| AMIT ARBIND PRASAD, M.D.,  Defendant. | : : : JURY TRIAL DEMANDED |

# COMPLAINT

## PARTIES

1.　Plaintiffs, Dennis J. Lutz and Sandra Lutz, his wife, are adult individuals residing at 694 Hawk Avenue, Town of Phillipsburg, County of Warren, State of New Jersey and as such are deemed to be citizens of the State of New Jersey.

2.　Defendant, Amit Arbind Prasad, M.D., is an adult individual licensed to practice medicine in the Commonwealth of Pennsylvania; and in particular, the speciality of anesthesiology. He currently resides at 432 W. Chocolate Avenue, City of Hershey, County of Dauphin, Commonwealth of Pennsylvania and as such is deemed to be a citizen of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

3.　Plaintiffs are citizens of the State of New Jersey and Defendant, Prasad is a citizen of the Commonwealth of Pennsylvania, and the medical treatment at issue in this Complaint occurred in the Eastern District of Pennsylvania; therefore, there is complete diversity of citizenship among and between the parties. The matter in controversy exceeds, exclusive of

interest and costs the sum specified by 28 U.S.C., §1332; therefore, this Court has jurisdiction on the basis of the diversity of citizenship and amount.

4. Venue in the Eastern District is properly laid pursuant to 28 U.S.C. §1391, in so far as the alleged conduct complained of in this Complaint, which forms the factual and legal basis of the Plaintiffs' claims, arose within the geographical limits of this District in general and, principally within the geographical limits of Lehigh County, Pennsylvania, in particular.

5. Both the Plaintiffs' claims exceeds the amount established by and for compulsory arbitration by the United States Eastern District Court pursuant to the Local Civil Rule 53.2 (3) in that each cause of action and each count exceeds One Hundred Fifty Thousand ($150,000.00) Dollars exclusive of interest and costs.

## FACTUAL ALLEGATIONS

6. On or about December 10, 2013, the Plaintiff, Dennis J. Lutz was a patient at St. Luke's University Hospital located at 801 Ostrum Street, City of Bethlehem, County of Lehigh, Commonwealth of Pennsylvania, having been admitted and present in the hospital for several weeks to undergo a whipple procedure for a pancreatic mass excision. The Plaintiff experienced as a result of that surgery complications including, but not limited to a bile leak, respiratory failure requiring thoracentesis pneumonia and perihepatic fluid collection. As a result of these complications treatment of the Plaintiff by his treating physicians required that he undergo an esophagogastroduodenoscopy (hereinafter referred to as "EGD").

7. The EGD procedure on December 10, 2013, occurred at St. Luke's Hospital, Ostrum Campus, and Plaintiff, Dennis J. Lutz was present in the operating theater for this diagnostic procedure from approximately 1:00 p.m. to approximately 2:30 p.m.

8. The anesthesia for the EGD was provided by the Defendant, Amit Arbind Prasad, M.D. (hereinafter referred to as Defendant, "Prasad"). The Defendant began the administration of anesthesia at approximately 1:00 p.m.

9. The EGD procedure was started once the Plaintiff was sedated at approximately 1:15 p.m., and said procedure ended at 1:18 p.m., a period of approximately 3 minutes.

10. Beginning at the end of the EGD procedure at approximately at 1:18 p.m., the Plaintiff became hypotensive and non-responsive to stimuli with apneaic breathing and could not be returned to consciousness by Defendant, Prasad.

11. From approximately 1:18 p.m. through 1:30 p.m., Defendant, Prasad was unable to revive and/or restore the Plaintiff to consciousness.

12. From approximately 1:40 p.m. through 2:00 p.m., the Defendant, Prasad continued to attempt to stabilize the Plaintiff by various procedures including, but not limited to intubation and mac. At approximately 2:30 p.m., the Plaintiff was transferred to the ICU with a blood pressure that transferred on a monitor of 179/73, and a pulse of 115.

13. The official anesthesia record indicates the total anesthesia time from 12:52 p.m. to 2:35 p.m.

14. Upon returning to consciousness and upon extubation in the ICU unit following this procedure as set forth above, the Plaintiff, Dennis J. Lutz was noted to have left side limb paralysis.

15. This left sided paralysis, which has been persistent and a permanent feature in the Plaintiff, Dennis J. Lutz, is believed to have been caused by the severe hypotension, bradycardia,

and unresponsiveness suffered during the period where he was under the direct care of the Defendant, Prasad.

16. The Plaintiffs believe and therefore aver that as a result of the negligence as hereinafter described of the Defendant, Prasad, that the Plaintiff suffered a hypoxic brain injury that occurred as a result of the anesthesia procedure and an inadequate response of the Defendant, Prasad, as an anesthesiologist in being able to restore the Patient/Plaintiff to consciousness.

17. The Plaintiffs believe and therefore aver that CT Scans were performed on December 10, 2013, December 11, 2013, and December 12, 2013, all of which demonstrated no acute intracranial abnormality, no visible infarction and no evidence of hemorrhage or blood clotting, all such studies lacking any evidence of thrombosis and/or hemorrhage.

18. As a direct and proximate result of the negligent medical treatment provided by the Defendant, Prasad to the Plaintiff, Dennis J. Lutz, and as a substantial factor and factual cause, the Plaintiff, Dennis J. Lutz has suffered permanent left side hemiparesis, effecting both his upper and lower limbs, which is permanent in nature. He has also suffered slow speech patterns, permanent drooling, inability to ambulate because of the left lower paralysis and has effectively loss the total use of his left arm. In addition, he suffers balance problems and persistent pain in the effected limbs.

19. As a direct and proximate result of the negligence of the Defendant, Prasad and as a substantial factor and factual cause, the Plaintiff, Dennis J. Lutz, is forced to use various orthopedic devices including, but not limited to four point cane, a plastic leg brace, and a permanent left hand splint on a daily basis.

## COUNT I
## MEDICAL AND PROFESSIONAL NEGLIGENCE

20. Defendant, Prasad, was negligent in his treatment and care of the Plaintiff, Dennis J. Lutz, in that he failed to exercise that degree and skill that the average practitioner in the speciality of anesthesia, to which he respectively belonged, would have exercised acting in the same or similar circumstances.

21. Defendant, Prasad was negligent in that contrary to the customary practice of anesthesiology, such the Defendant was not diligent in attending to the Plaintiff during and following administration of anesthesia.

22. Defendant, Prasad was negligent in that contrary to the customary practice of anesthesiology, such the Defendant administered anesthesia to the Plaintiff, Dennis J. Lutz and did not adequately address the emergent situation during the administration of anesthesia when the patient began experiencing what is believed to have been a hypoxemic event as more particularly set forth hereinafter.

23. At the time, date and place aforesaid, the careless and negligent acts of the Defendant, Prasad consisted of the following:

   a. In failing to administer the proper dose of anesthetics so that the Plaintiff could be restored to consciousness when the three minute EGD procedure was complete;

   b. In failing to secure an adequate and sufficient history from the Plaintiff in terms of pre-anesthesia analysis;

   c. In failing to secure an adequate and sufficient history from the Plaintiff and to recognize the importance of that history in the formulation of his plan for the administration of anesthetics;

   d. In failing to timely appreciate, consider and recognize the medical significance the Plaintiff's severe hypotension, bradycardia, and responsiveness and in taking immediate

5

emergent measures to restore the Plaintiff to consciousness and restore the function of oxygenation to his brain;

  e. In failing to intubate and render treatment to the Plaintiff after he became hypotensive and hypoxic for a period of approximately 10 - 22 minutes during which period the Plaintiff remained without proper intubation and the administration of potential life saving measures;

  f. In administering too high of a dose of anesthetics as a result of which he could not restore the patient to consciousness following completion of the three minute EGD procedure;

  g. In failing to appreciate, consider and recognize the medical significance of the hypoxemia, severe hypotension, bradycardia and unresponsiveness;

  h. In failing to ensure adequate oxygenation was occurring during the period that the anesthesia was rendered;

  i. In delaying for an unacceptable period of time the proper procedures to restore consciousness and responsive functions in the patient;

  j. In failing to properly and promptly use appropriate drugs for the administration of anesthesia;

  k. In using improper drugs to treat the Plaintiff in terms of dosage;

  l. In failing to adequately monitor the patient during the anesthetic proceeding;

  m. In failing to have available and implement a proper protocol for dealing with the non-return to consciousness coupled with severe hypotension, bradycardia and unresponsiveness.

  24. The above mentioned negligence, careless and unskillfulness on the part of the Defendant, Prasad, was the direct and proximate cause, substantial factor and factual cause in bringing about the losses and damages to the Plaintiff, Dennis J. Lutz.

  25. As a direct and proximate result of the wrongful acts and negligent conduct set forth heretofore, the Plaintiff, Dennis J. Lutz, sustained and as a substantial factor and factual cause in bringing about the harm to the Plaintiff; Plaintiff has suffered from fear, trepidation, terror, despair, severe mental anguish, emotional stress and strain, depression, anxiety and

frustration, all of which has caused him to suffer severe and permanent injuries to his anatomy as well as physical and mental pain and suffering into the future.

26. As a direct and proximate result of the wrongful acts of the Defendant and as a substantial factor and factual cause of the injuries sustained by the Plaintiff, the Plaintiff has suffered physical pain and suffering, past, present and future.

27. As a direct and proximate result of the wrongful acts of the Defendant and as a substantial factor and factual cause of the injuries sustained by the Plaintiff, the Plaintiff has suffered mental anguish and emotional distress, past, present and future.

28. As a direct and proximate result of the wrongful acts of the Defendant and as a substantial factor and factual cause of the injuries sustained by the Plaintiff, the Plaintiff has suffered from inconvenience, embarrassment and humiliation, past, present and future.

29. As a direct and proximate result of the wrongful acts of the Defendant and as a substantial factor and factual cause of the injuries sustained by the Plaintiff, the Plaintiff has suffered from a loss of enjoyment of life, past, present and future.

30. As a direct and proximate result of the wrongful acts of the Defendant and as a substantial factor and factual cause of the injuries sustained by the Plaintiff, the Plaintiff has suffered cosmetic deformity and disfigurement.

31. As a direct and proximate result of the wrongful acts of the Defendant and as a substantial factor and factual cause of the injuries sustained by the Plaintiff, the Plaintiff has suffered a complete loss of future employability, past and future wage loss, and an impairment of earning capacity in the future, all to his great financial loss.

WHEREFORE, Plaintiffs, Dennis J. Lutz, demands judgment against the Defendant, Prasad for an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

## COUNT II
### Consortium Loss

**Sandra Lutz**
**vs.**
**Amit Arbind Prasad, M.D.**

32.  Plaintiff incorporates by reference all the allegations contained in paragraphs one through thirty one inclusively, as though same were set forth fully and at length herein.

33.  As a direct and proximate result of the above-described occurrence, Plaintiff has been deprived of the assistance, society and companionship of Plaintiff, Dennis J. Lutz up to the date of the filing of this Complaint, all of which has been to her great financial loss.

34.  As a direct and proximate result of the above-described occurrence, the Plaintiff will, in the future, be deprived of the assistance, society and companionship of Plaintiff, Dennis J. Lutz, all of which has been to her great financial loss.

WHEREFORE, Plaintiff, Sandra Lutz, demands judgment in her favor and against the Defendant, Prasad, for a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

JOHN R. VIVIAN, JR.
831 Lehigh Street
Easton, PA 18042
(610) 258-6625 - Telephone
(610) 258-4875 - Facsimile
I.D. Number: 34459
Attorney for Plaintiffs